**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

CRIMINAL ACTION NO. 99-CR-29-ART-CJS

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.             **UNITED STATES'S RESPONSE TO MARTIN'S 2255 PETITION**

TIMOTHY MARTIN                                                                      DEFENDANT

\* \* \* \* \*

The United States concedes error and moves to vacate Martin's sentence and resentence him because the Supreme Court's recent decision in *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *3 (U.S. June 23, 2016), makes clear that Martin no longer qualifies as an armed career criminal.

Under the Armed Career Criminal Act, "a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for serious drug offenses or violent felonies must receive a fifteen-year mandatory minimum sentence." *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014) (citing *United States v. Johnson*, 707 F.3d 655, 658 (6th Cir. 2013)). A "violent felony" includes "burglary" and other listed enumerated offenses. 18 U.S.C. § 924(e)(2)(B)(ii). To determine if a crime is one of the enumerated offenses, "courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under this approach, "courts may 'look only to the

statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Id.* at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). The Supreme Court has concluded that the "generic" crime of "'burglary,' as used in § 924(e), is a crime that has 'the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *United States v. Prater*, 766 F.3d 501, 510 (6th Cir. 2014) (quoting *Taylor*, 495 U.S. at 599).

Martin was found guilty by jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [R. 1: Indictment at 1 (Count 1); R. 75: Trial Minutes; R. 88: Presentence Report at ¶¶ 13-15) (offense conduct).] He had three prior Kentucky convictions including 1) Armed Robbery, 2) Willful and Melicious Shooting and, 3) Burglary in the Third Degree. [*See* R. 88: Presentence Report at ¶¶ 37, 38 ,40).] In Kentucky, "[a] person is guilty of burglary in the third degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." Ky. Rev. Stat. § 511.040(1) (1980). "'Building,' in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft: (a) Where any person lives; or (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation." *Id.* § 511.010(1). The district court determined that Martin was an armed career criminal based on these three prior convictions and imposed a sentence of 197 months. [R. 86: Judgment; R. 88: Presentence Report at ¶¶ 29, 78.]

In *Mathis*, the Supreme Court held that the Armed Career Criminal Act does not permit a court to examine documents under a modified categorical approach "when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." *Mathis*, 2016 WL 3434400, at *3. "[T]he court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution." *Id.* at *10. Instead, "the court may ask only whether the *elements* of the state crime and generic offense make the requisite match." *Id.* Courts may employ the "modified categorical approach" to examine "a limited class of documents" only when statutes have "multiple alternative *elements*." *Id.* at *4 (emphasis added).

The United States now concedes that Kentucky's third-degree burglary statute contains only one locational element—"a building"—even though another statute defines "building" to include several means to satisfy this element. *See Carranza v. Commonwealth*, No. 2010-CA-001388-MR, 2012 WL 424997, at *4 (Ky. Ct. App. Feb. 10, 2012) (approving third-degree instructions requiring jury to find that defendant "entered or remained in a building . . . with the intention of committing a crime therein" and defining "building"). Like Iowa's burglary law that the Supreme Court examined in *Mathis*, Kentucky's statute contains "listed locations"—"not alternative elements, going toward the creation of separate crimes." 2016 WL 3434400, at *5; *see also id.* at *10 (explaining that Iowa's burglary law contains "'alternative method[s]' of committing one offense"). Moreover, as the Sixth Circuit has explained, "Kentucky's third-degree burglary statute does not categorically qualify as generic burglary." *United States v.*

3

*Brumback*, 614 F. App'x 288, 292. For these reasons, *Mathis* found the court below erred in applying the modified categorical approach to determine the means by which the defendant committed his prior crimes. *Mathis*, 2016 WL 3434400, at *8.

Accordingly, *Mathis* makes clear that Martin now lacks three violent felony convictions, and the district court plainly erred in sentencing him to imprisonment for 197 months using the armed career criminal enhancement because his maximum statutory punishment without the armed career criminal enhancement is ten years. *See* 18 U.S.C. § 924(a)(2); *see also United States v. Page*, 232 F.3d 536, 545 (6th Cir. 2000) (finding plain error when sentence of imprisonment exceeded statutory maximum). Martin has served more than ten years at this time and, thus, this Court should vacate his sentence and resentence him to time-served.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

By:    s/Laura K. Voorhees
       Laura K. Voorhees
       Assistant United States Attorney
       207 Grandview Drive, Suite 400
       Fort Mitchell, Kentucky 41017
       (859) 655-3200

## **CERTIFICATE OF SERVICE**

On July 8, 2016, I electronically filed this document through the CM/ECF system, and will cause a copy to be mailed to the Defendant:

Timothy Martin
06889-032, 4B, 213
Federal Medical Center
P.O. Box 1600
Butner, North Carolina 27509

                                               s/Laura K. Voorhees
                                               Laura K. Voorhees
                                               Assistant United States Attorney